# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-1185V**

| | |
|---|---|
| CARMINE BRANAGAN,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: June 30, 2026 |

*Robert Joel Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.*

*Margaret Armstrong, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 31, 2023, Carmine Branagan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration as a result of an influenza vaccine administered to her on November 22, 2021. Pet., ECF No. 1. On July 22, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 49.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $76,216.50 (representing $75,629.15 in fees plus $587.35 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed January 19, 2026, ECF No. 43. Furthermore, Petitioner filed a signed statement that no personal out-of-pocket expenses were incurred. ECF No. 54-5.

Respondent reacted to the Fees Motion on February 2, 2026, representing that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2-4. ECF No. 55. Petitioner a Reply on February 2, 2026, requesting the fees and costs be awarded in full. ECF No. 56.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, as explained below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed by attorney Robert Krakow through 2024 are reasonable, and consistent with our prior determinations, and will therefore be awarded herein.

However, the rate requested for work performed in 2025 require adjustment. Mr. Krakow was previously awarded a lesser rate for 2025 than requested herein ($584.00 for work performed in 2025, versus the $627.00 sought in this matter). See *I.J. v. Sec'y of Health & Hum. Servs*., No. 16-864, 2021 WL 3627107 (Fed. Cl. Spec. Mstr. July 20, 2021); *Kotch v. Sec'y of Health & Hum. Servs*., No. 19-675, 2025 WL 1012834 (Fed. Cl. Spec. Mstr. February 27, 2025). I find no reason to deviate from those prior determinations, and it otherwise is not the practice of OSM to adjust rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs*., No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce attorney Krakow's rate to be consistent with *I.J.* and *Kotch*. **Application of the foregoing reduces the fees to be awarded herein by $1,309.35.**[3]

Petitioner has also requested the hourly rate of $677.00 for 2026 work performed by Mr. Krakow, representing a rate increase of $50.00 from the previous year. I find the proposed increase to be reasonable, and hereby award it.

In addition, the billing records reveal that several tasks performed by attorney Krakow in this matter were more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs*., No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not

---

[3] This amount is calculated as follow: $627 - $584 = $43 x 30.45 hrs = $1,309.35.

[4] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, organization of documents, calendaring and confirming dates, and drafting basic documents such as an exhibit list, PAR questionnaire, notice of filing, notice of intent, statement of completion, and cover sheet. Entries that include paralegal tasks billed at an attorney rate include the following: 09/26/2022; 10/23/2022;01/09/2023; 01/12/2023; 01/18/2023; 04/22/2023; 05/31/2023; 07/30/2023; 07/31/2023; 08/01/2023; 02/28/2024; 03/06/2024; 05/17/2024; 07/13/2024; 09/15/2024; 10/21/2024; 04/16/2025; 06/02/2025; 07/23/2025; 08/14/2025. ECF No. 54-2 at 3-67.

on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Counsel is admonished that although these billing entries reflect reasonably performed tasks generally, they must be charged at a reduced rate.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments. Here, such an overall percentage cut is reasonable, and preferrable to a time-consuming line-by-line review of the bill. I therefore reduce the total fees to be awarded herein by *five percent* as a fair adjustment to account for the paralegal duties issue mentioned. This reduction is also appropriate for a matter resolved for a sum that was nearly half of what counsel billed to the case. **Application of the foregoing further reduces the total amount of fees to be awarded by $3,715.99.**[5]

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 54-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $71,191.16 (representing $70,603.81 in fees plus $587.35 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

[5] This amount is calculated as follows: the reduced rate of $74,319.80 x 0.05 = $3,715.99.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master